Argued and submitted April 20, 1987, reversed and referee's order reinstated
February 10, 1988

In the Matter of the Compensation of
Martin E. Tripp, Claimant.
TRIPP,
*Petitioner,*
*v.*
RIDGE RUNNER TIMBER SERVICES et al,
*Respondents.*
(WCB 84-11895 & WCB 85-01028; CA A40342)
749 P2d 586

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Moore, Eugene.

Marcus K. Ward, Elmira, argued the cause and filed the brief for respondent Ridge Runner Timber Services.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents Briarwood Assoc. and SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board denying him benefits for a knee condition. The Board reversed the decision of the referee that the condition was an occupational disease and that Ridge Runner Timber Services was the responsible employer. The Board's holding rests on its conclusion that claimant's knee ailment is not an occupational disease but is merely symptomatic of a preexisting condition. We reverse.

Claimant has been a tree planter since 1977 and began working for Ridge Runner in January, 1983. He developed leg cramping after less than a month of work and consulted Dr. Fergusson, who diagnosed tendonitis of the upper leg and instructed claimant to perform only light work for three days and then to resume his regular duties. He filed a claim with Ridge Runner which was accepted as non-disabling.

Claimant's knee pain, which was ultimately determined to be unrelated to the leg cramps, eventually caused him to leave Ridge Runner on October 27, 1983. Two weeks later, he began work for Briarwood Association, where he was a grounds keeper until April 20, 1984. He attempted to return to Ridge Runner in May, 1984, but worked only two weeks before knee pain forced him to quit. He filed a claim with Ridge Runner in September, 1984, asserting that his employment as a tree planter caused or aggravated his knee condition and resulted in his need for medical services. The claim was treated as an aggravation of the leg cramping condition and denied by Ridge Runner's insurer, SAIF, on July 16, 1985. A claim against Briarwood for the knee condition was also denied by the same insurer.[1]

The referee concluded that claimant's employment at Ridge Runner had caused his knee condition and awarded benefits for an occupational disease. He noted no relevant preexisting injury. The Board reversed, characterizing claimant's knee pain as merely symptomatic of an existing condition and relying on the Supreme Court's holding in *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979).

---

[1] SAIF is the insurer for both employers. Ridge Runner is represented by separate counsel.

Claimant's condition has defied ready medical diagnosis. Dr. Larson, an orthopedist, initially diagnosed a meniscus tear, but x-rays and an arthrogram did not reveal "any internal derangement." He subsequently diagnosed the condition as an "overuse syndrome" and recommended that claimant pursue a less strenuous vocation. Dr. Wichser, a general practitioner and claimant's treating physician, also initially diagnosed a meniscus tear or a femoral patellar compression syndrome. Because Wichser did not offer another opinion after the arthrogram and x-rays, it is unclear what theory he presently urges as the source of claimant's discomfort. Despite these diagnostic difficulties, both Larson and Wichser attribute claimant's knee pain to the extensive stooping, bending and movement over uneven ground involved in his employment as a tree planter. No underlying metabolic disease or condition has been detected.

Ridge Runner argues that the Board correctly analyzed the facts and that, if claimant has a knee condition, it predates his employment with Ridge Runner. If the condition preexisted his employment, claimant must establish that the work environment worsened the underlying condition and did not just make it symptomatic. The Board's finding that claimant's knee condition preexisted his employment at Ridge Runner by six months is apparently based on claimant's testimony and a reference in Larson's medical reports. Claimant testified on direct and cross-examination about when he had begun work at Ridge Runner and when the knee pain began. He was confused about the beginning date of his employment, but the sense of his testimony was that the knee pain began after he started work with Ridge Runner. His testimony, which the referee found to be credible, relates the pain to carrying loads of tree seedlings up and down inclines and rough terrain. The medical evidence is that tree planting work is the major contributing cause of his knee pain. We conclude that claimant has an occupational disease and that Ridge Runner is the responsible employer.

Reversed; referee's order reinstated.