Argued and submitted October 17, 1988, affirmed March 8, 1989

In the Matter of the Compensation of
Richard B. Nehring, Claimant.

EBI INSURANCE COMPANY et al,
*Petitioners,*

*v.*

CNA INSURANCE et al,
*Respondents.*

(WCB 86-12728, 86-03222; CA A47014)

769 P2d 789

Susan D. Isaacs, Portland, argued the cause for petitioners. On the brief was Randy G. Rice, Portland.

Craig A. Staples, Portland, argued the cause for respondents CNA Insurance and Tandy Corporation. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Glen J. Lasken, Portland, waived appearance for respondent Richard B. Nehring.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Don Rasmussen BMW (Rasmussen) seeks review of an order of the Workers' Compensation Board that affirmed the referee's order overturning a denial of claimant's aggravation claim. It contends that Tandy Corporation (Tandy), a subsequent employer, is responsible because it accepted claimant's new injury claim, and its later denial is therefore barred by *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983). We affirm.

Claimant sustained a compensable back injury in 1983 while employed by Rasmussen. During his subsequent employment with Tandy, he began experiencing back pain and his treating chiropractor notified Rasmussen that he had suffered an aggravation. Rasmussen denied the claim, and claimant then filed a new injury claim with Tandy, which it denied by letter. Subsequently, Tandy filed two reports with the Workers' Compensation Division on a Form 1502. The first indicated that the claim against Tandy was denied, but the second stated "claim originally denied, now accepted." Two days later, Tandy filed a third Form 1502 that explained that the notation on the second form was a clerical error and that the claim was in a denied status.

The referee found that claimant's current condition is an aggravation of the 1983 injury sustained while working at Rasmussen and ordered Rasmussen to accept the claim. The Board affirmed that part of the decision.

Rasmussen does not challenge the finding that claimant's condition is an aggravation of the original injury, but contends that Tandy is responsible, because it accepted the claim when it noted its acceptance on the Form 1502.

A witness explained that the Form 1502 is a report to the Workers' Compensation Division of the current status of a claim. It is not a notification to a claimant that the claim is accepted or denied. The form was not intended to be a notification to claimant of anything. In *Bauman v. SAIF, supra,* the court said:

> "If, as in this case, the insurer officially notifies the claimant that the claim has been accepted, the insurer may not, after the 60 days have elapsed, deny the compensability of the claim * * *." 295 Or at 794.

Official notice of acceptance or denial is described by ORS 656.262(6) and must include certain information and advice to the claimant. We conclude that the information on the Form 1502 was not an official notice of acceptance.

Affirmed.