On SAIF Corporation's and Olympic Forest Products' petition for reconsideration filed November 21, 1990, reconsideration allowed; remanded for reconsideration of scope of employer's acceptance; opinion (103 Or App 49, 796 P2d 378 (1990)) otherwise affirmed May 1, 1991

In the Matter of the Compensation of
David R. Abbott, Claimant.
SAIF CORPORATION
and Olympic Forest Products,
*Petitioners,*

*v.*

David R. ABBOTT,
Liberty Northwest Ins. and Pinkertons, Inc.,
*Respondents.*
(WCB 87-13095, 87-13096, 87-13097; CA A50887)
810 P2d 878

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David L. Runner, Assistant Attorney General, Salem, for petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Olympic Forest Products and its workers' compensation carrier (employer) seek reconsideration of our decision. 103 Or App 49, 796 P2d 378 (1990). It contends that our conclusion that it had accepted responsibility for claimant's carpal tunnel syndrome is inconsistent with *Georgia-Pacific v. Piwowar,* 305 Or 494, 753 P2d 948 (1988).

In *Piwowar,* the injury was listed on the claim form as a "sore back." The employer issued a general acceptance. After the claim was accepted, it was determined that the sore back may have been caused by a disease known as ankylosing spondylitis, which was unrelated to claimant's employment. The employer then issued a denial for that condition. The Supreme Court held:

> "Read together, *Johnson* and *Bauman* require the employer to compensate the claimant for the specific condition in the notice of acceptance regardless of the cause of that condition. If, for example, Georgia-Pacific accepted a claim for 'lumbosacral strain,' which was one of the original diagnoses of claimant's condition, that acceptance would not include the ankylosing spondylitis, since those are two separate infirmities (*unless of course one is merely a symptom of the other*).
>
> "* * * * *
>
> "Here, Georgia-Pacific accepted a claim for a sore back, which was merely a symptom of an underlying disease, not a separate condition. Therefore, Georgia-Pacific could not deny the compensability of the condition regardless of the cause. Accordingly, we hold that Georgia-Pacific could not properly deny the compensability of the ankylosing spondylitis." 305 Or at 501. (Emphasis supplied.)

Here, claimant submitted a claim for "numbness in hands, arm aches" and "[s]welling and aching every morning to the point of non-sleep. Neck stiff." Employer asserts that, rather than accept the claim as submitted, it issued a specific acceptance for a "right wrist strain" and a "right shoulder strain." It argues that its responsibility is limited to the specific accepted medical conditions.

If those assertions are correct as to the content of the claim and of its acceptance, our opinion was incorrect. The details of the acceptance purportedly are contained in Exhibit

10 in the record before the referee. However, Exhibit 10 in the Board's record is not the pertinent document. The discrepancy is noted in a footnote in employer's petition for reconsideration:

"In preparing this petition for review, SAIF discovered that the record forwarded to the Court of Appeals by the Workers' Compensation Board is incomplete. The exhibits forwarded by the Board were the 21 submitted by Liberty Northwest. The Referee excluded those exhibits and admitted the 31 exhibits introduced by SAIF. (Tr 1-2). If deemed necessary, the Court of Appeals or Supreme Court may require the Board to forward the correct record under ORS 183.482(4) and ORAP 3.05(3). Citations to exhibits in this petition are to those admitted by the Referee, not to those forwarded by the Board."

Employer is correct that the exhibits forwarded to the Court of Appeals by the Board are not the ones admitted by the referee. Also, the exhibits forwarded to the Board by the referee were not the ones admitted by the referee. Therefore, the Board never reviewed the proper record, and the referee's conclusions regarding employer's acceptance could not have been adequately reviewed by the Board.

Reconsideration allowed; remanded for reconsideration of scope of employer's acceptance; otherwise affirmed.