Argued and submitted November 27, 1991, resubmitted in banc April 15, affirmed June 10, 1992

In the Matter of the Compensation of
Karen M. Tull, Claimant.

## SAIF CORPORATION
and Columbia Health Care,
*Petitioners,*

*v.*

Karen M. TULL,
*Respondent.*

(WCB 88-17674; CA A68781)

832 P2d 1271

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert A. Lucas, Rainier, argued the cause and filed the brief for respondent.

EDMONDS, J.

Warren, J., dissenting.

**EDMONDS, J.**

SAIF seeks judicial review of a Workers' Compensation Board order that held claimant's bilateral carpal tunnel syndrome compensable. We affirm.

■■ SAIF makes multiple assignments of error. It first contends that the Board erred in refusing to remand the case to the referee for admission of evidence about when it mailed a 1988 denial letter to claimant. Remand by the Board to a referee for additional evidence is a matter of discretion. *Muffett v. SAIF*, 58 Or App 684, 687, 650 P2d 139 (1982). SAIF argues that its failure to submit the exhibits before or during the hearing was due to claimant's failure to comply with the Board's rule requiring specification of issues. *See* OAR 438-06-031. However, at the beginning of the hearing, SAIF was aware that compensability was at issue. Moreover, at the hearing, SAIF requested that the record be held open for submission of certain additional exhibits, and the request was granted. Approximately one month after the record was closed, SAIF made another attempt to supplement the record. Because SAIF had already had the opportunity to submit its evidence, the Board did not abuse its discretion when it denied the second request.

■ SAIF next argues that the Board erred in "concluding that SAIF had the burden of proving that claimant's request for hearing was not timely filed." The Board found that the record did not indicate when claimant was given notice of SAIF's denial. In *Madewell v. Salvation Army*, 49 Or App 713, 716, 620 P2d 953 (1980), we held that, when an employer fails to offer proof of when a letter denying a claimant's claim was mailed, the claimant's request for hearing will be treated as timely. The holding in *Madewell* controls this issue. The Board did not err.

■ SAIF next argues that the Board erred when it concluded that there was no evidence in the record as to when SAIF's denial letter was mailed. SAIF offered evidence of a dated letter as evidence of when SAIF's denial letter was mailed. SAIF relies on OEC 311(n)[1] for the presumption that

---

[1] Neither party suggests that the Oregon Evidence Code is inapplicable to workers' compensation hearings. *See Booth v. Tektronix*, 312 Or 463, 823 P2d 402 (1991).

"the ordinary course of business has been followed" and asserts that, "therefore, it must be presumed that the ordinary course of business for a workers' compensation insurer during the period at issue was to mail a denial within 60 days of when it was written." In *Madewell*, we held:

> "While there is a presumption that a writing is truly dated, and that a letter directed and mailed was received in the regular course of the mail, there is no presumption that a letter is mailed on the day it is dated or on the date it was written. * * * Respondent has not put on any evidence to show the filing of the claim was untimely. We thus treat the claim as timely and proceed to the merits." 49 Or App at 716. (Footnotes and citations omitted.)

Again, *Madewell* controls, and the Board did not err.

■     SAIF also argues that the Board erred in concluding that SAIF's original acceptance of claimant's claim for "somantic [*sic*] dysfunction" included an undiagnosed carpal tunnel syndrome. The Board found that

> "SAIF accepted the claim after receiving an 801 form its claims representative had prepared and submitted on behalf of claimant. That acceptance encompassed the disease causing those symptoms, which turned out to be carpal tunnel syndrome. SAIF may not now avoid responsibility for that condition. *Bauman v. SAIF*, 295 Or 788[, 670 P2d 1027] (1983); *SAIF v. Abbott*, 103 Or App 49[, 796 P2d 378 (1990)]."

SAIF points out that we granted reconsideration in *SAIF v. Abbott*, 107 Or App 53, 810 P2d 878 (1991), and remanded it to the Board. However, we remanded because the Board had not reviewed the proper record. Here, the Board reviewed the proper record and properly applied the rule of *Bauman v. SAIF, supra*, that is, once an employer accepts a claim under ORS 656.262(6),[2] it may not subsequently deny compensability.

---

[2] In 1990, the legislature amended ORS 656.262(6) to provide, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has notice or knowledge of the claim. *However, if the insurer or self-insured employer accepts a claim in good faith but later obtains evidence that the claim is not compensable or evidence that the paying agent is not responsible for the claim, the insurer or self-insured employer, at any time up to two years from the date of claim acceptance, may revoke the claim acceptance and issue a formal notice of claim denial. However, if the worker requests a hearing on such*

The dissent would hold that SAIF did not accept claimant's claim, because it did not send a written notice of acceptance to claimant. *See* ORS 656.262(6). The dissent reaches an issue that is not framed by SAIF's assignment of error; moreover, SAIF does not make the argument on which the dissent relies to hold that there was no acceptance. Also, the dissent's analysis is wrong. It relies on *Johnson v. Spectra Physics*, 303 Or 49, 733 P2d 1367 (1987), *Stevenson v. Blue Cross of Oregon*, 108 Or App 247, 251, 814 P2d 185 (1991), and *EBI Ins. Co. v. CNA Insurance*, 95 Or App 448, 451, 769 P2d 789 (1989), in support of its position.

In *Johnson*, the Supreme Court reaffirmed that *Bauman v. SAIF, supra,* applies only to "specifically" or "officially" accepted claims. 303 Or at 55. The issue was whether the employer's denial of the claimant's carpal tunnel syndrome was precluded by its earlier acceptance of the claimant's back injury. The court said:

> "ORS 656.262(6) requires that an insurer or self-insured employer furnish the claimant with '(w)ritten notice of acceptance or denial of a claim * * * within 60[3] days after the employer has notice or knowledge of the claim.' An insurer must accept a particular claim in writing, and subsequently deny that particular claim after the 60 days prescribed by ORS 656.262(6) have elapsed, before *Bauman* applies." 303 Or at 56.

The court then concluded that "an insurer's failure to respond to a claim or one aspect of a claim is neither acceptance nor denial." 303 Or at 58. Whether furnishing a notice to a claimant was a necessary element for an "acceptance" to occur under ORS 656.262(6) was not the issue.

---

*denial, the insurer or self-insured employer must prove by clear and convincing evidence that the claim is not compensable or that the paying agent is not responsible for the claim. Notwithstanding any other provision of this chapter, if a denial of a previously accepted claim is set aside by a referee, the board or the court, temporary total disability benefits are payable from the date any such benefits were terminated under the denial.* Pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits or burial expenses. The insurer shall also furnish the employer a copy of the notice of acceptance." (Emphasis supplied.) Or Laws 1990, ch 2, § 15.

That change does not apply to this case.

[3] The statute now requires that written notice be given within 90 days after an employer has notice of a claim.

In *Stevenson,* the Board held that SAIF had not accepted a claim, even though a SAIF employee had placed a check in the "accepted" box on the claimant's 801 form. The form was a claim for tendinitis and a skin rash; SAIF sent a notice to the claimant that it had accepted only the skin rash. The claimant argued that the notation on the form was an acceptance of both conditions. We rejected that argument. We said:

> "The Board found that SAIF had not accepted the tendinitis claim, and *there is substantial evidence to support that finding.*" 108 Or App at 252. (Emphasis supplied.)

In *EBI Ins. Co.,* the claimant argued that the employer had accepted his new injury claim when it filed a report with the Workers' Compensation division on a form that said "claim originally denied, now accepted." Two days after filing the report, the employer filed another report explaining that the notation in the earlier report that stated "claim originally denied, now accepted" was a clerical error. On the basis of testimony of a witness, the Board found that the earlier report was not intended to be an acceptance. We affirmed the Board's conclusion that there had been no "back up denial" under *Bauman v. SAIF, supra,* because there had been no previous acceptance by employer. *Stevenson* and *EBI Ins. Co.* stand for the proposition that whether an acceptance occurs is an issue of fact. They do not interpret ORS 656.262(6) to require notice, written or otherwise, as a legal prerequisite for acceptance.

Moreover, the dissent ignores the policy of construing the Workers' Compensation Law in claimants' favor. *See Stovall v. Sally Salmon Seafood,* 306 Or 25, 757 P2d 410 (1988). ORS 656.262(6) does not say that an acceptance occurs only when and if the claimant receives notice of an acceptance. It presumes that acceptance has already occurred when it requires that notice of the acceptance be furnished to the claimant. The dissent's interpretation would produce an incongruous result. Claimant would lose, because SAIF did not do what ORS 656.262(6) told it to do; that is, send a notice of the acceptance to claimant. The legislature could not have intended that interpretation.

SAIF's other assignment of error does not require discussion.

Affirmed.

**WARREN, J.,** dissenting.

The Board found that SAIF accepted claimant's claim for carpal tunnel syndrome (CTS) solely because its claim representative indicated that the claim had been accepted on an 801 form. However, there is no evidence that SAIF ever notified claimant that it was accepting that claim. The majority affirms, on the basis of its conclusion that ORS 656.262(6) "presumes that acceptance has already occurred when it requires that notice of the acceptance be furnished to the claimant." 113 Or App at 454. Because Oregon precedents hold that acceptance cannot occur without notice to the claimant, I dissent.

Claimant contends that SAIF cannot deny compensability or responsibility for her CTS, because it had previously accepted a claim for that condition. In *Bauman v. SAIF*, 295 Or 788, 790, 670 P2d 1027 (1983), the court held that, once an insurer has accepted a claim, it cannot subsequently deny the compensability of that claim. In *Johnson v. Spectra Physics*, 303 Or 49, 733 P2d 1367 (1987), the court clarified that rule, saying:

> "*Bauman* applies only to a claim 'specifically' or 'officially' accepted by the insurer. 295 Or at 793-94. ORS 656.262(6) requires that the insurer or self-insured employer *furnish* the claimant with '[w]ritten notice of acceptance or denial of the claim * * * within 60 days after the employer has notice or knowledge of the claim.' An insurer must accept a particular claim in writing * * * before *Bauman* applies." 303 Or at 55. (Emphasis supplied.)

Because an insurer must "furnish" the claimant with notice before the rule of *Bauman* applies, we have held that an acceptance cannot occur in the absence of written notice to the claimant. For example, in *EBI Ins. Co. v. CNA Insurance*, 95 Or App 448, 769 P2d 789 (1989), a prior employer argued that a subsequent employer had accepted a claimant's aggravation claim by indicating that the claim had been accepted on a status report to the Workers' Compensation Division. We disagreed, and said:

> "Official notice of acceptance or denial is described by ORS 656.262(6) and must include certain information and advice to the claimant. We conclude that the information on the

Form 1502 was not an official notice of acceptance." 95 Or App at 451.

Similarly, in *Stevenson v. Blue Cross of Oregon*, 108 Or App 247, 814 P2d 185 (1991), the claimant filed an 801 form with SAIF that listed her disease as tendinitis. SAIF indicated on that form that it was accepting her claim for that condition; however, the notice that it sent to the claimant specified that it was only accepting a claim for "cellulitis/eczema; contact dermatitis." 108 Or App at 248. Subsequently, the claimant filed an aggravation claim, seeking compensation for disabilities resulting from her tendinitis. SAIF denied that claim.

The claimant argued that SAIF improperly denied her aggravation claim, because it had previously accepted her tendinitis condition by marking that it was accepted on the 801 form. We rejected that argument, saying that the "[c]laimant had to show that SAIF specifically accepted her tendinitis claim and officially notified her of that acceptance." 108 Or App at 251. We then concluded that the claimant did not satisfy that burden merely by showing that SAIF indicated that the claim was accepted on the 801 form.

"[A]n insurer's silence regarding one aspect of a claim is neither acceptance nor denial of that aspect of the claim." *Johnson v. Spectra Physics, supra*, 303 Or at 55. From claimant's perspective, a check mark on the 801 form that she never saw was silence just the same as if SAIF never marked the form at all. Moreover, to say that silence means anything would inject the instability into the workers' compensation system that the court sought to eliminate in *Bauman*. Claimants or insurers would be at liberty to raise the issue of compensability months and years after an injury occurs or disease becomes disabling, merely by asserting there was or was not a response to a claim.

Nevertheless, the majority holds that SAIF accepted claimant's CTS claim by indicating its acceptance on an 801 form. It bases that holding on its conclusion that ORS 656.262(6) presumes that acceptance has occurred before the insurer furnishes a notice of acceptance. It does not explain why essentially the same act did not constitute an acceptance in *Stevenson v. Blue Cross of Oregon, supra*, or *EBI Ins. Co. v.*

*CNA Insurance, supra.* Neither does it explain why we should ignore the admonition that the rule of *Bauman* does not apply unless the insurer furnishes the claimant with written notice of acceptance or denial of the claim. *Johnson v. Spectra Physics, supra,* 303 Or at 55. Because the majority offers no reason, other than its abject distaste for the result, for us to depart from the controlling precedents on this issue, I dissent.

Joseph, C. J., joins in this dissent.