Argued and submitted November 20, 1998, reversed and remanded for
reconsideration April 7, 1999

In the Matter of the Compensation of
Betty L. Kneeland, Claimant.
SILVERTON THRIFTWAY
and Grocers Insurance,
*Petitioners,*

*v.*

Betty L. KNEELAND,
*Respondent.*
(97-04934; A101591)
978 P2d 402

Karen O'Kasey argued the cause for petitioners. With her
on the brief were Jean Ohman Back, and Schwabe, William-
son & Wyatt, P.C.

Michael D. Callahan argued the cause for respondent.
With him on the brief was Callahan & Stevens.

Before Edmonds, Presiding Judge, and Deits, Chief
Judge,* and Armstrong, Judge.

---

* Deits, C. J., *vice* Warren, P. J., retired.

EDMONDS, P. J.

**EDMONDS, P. J.**

Insurer and claimant's employer seek judicial review of an order of the Workers' Compensation Board (Board) affirming the administrative law judge's (ALJ's) order that found claimant's conditions to be compensable. We reverse and remand for reconsideration.

We state the facts as found by the ALJ and adopted by the Board. Claimant was injured in a nonwork-related motor vehicle accident in 1988. By early 1990, her physical problems resulting from the accident had resolved. On March 22, 1995, claimant was working in a retail grocery store and injured her lower back while performing her duties. Insurer accepted a claim for a disabling lumbosacral strain on behalf of employer. Claimant was declared medically stationary on June 17, 1996, and insurer closed the claim on July 15, 1996. As a result, claimant received an award of unscheduled permanent partial disability. At claimant's request, the Appellate Review Unit of the Department of Consumer and Business Services reconsidered the claim closure and, in its November 1996 order, reduced the previously awarded unscheduled award to zero.

Subsequently, in a February 1997 letter, claimant requested that insurer accept

"as additional component[s] of the claim the following:

"1. Pain condition associated with [claimant's] accepted physical condition;

"2. Right gluteal with piriformis syndrome;

"3. Chronic pain syndrome;

"4. Depression; and

"5. Degenerative disc disease in the lumbar spine."

Insurer denied the claim, and claimant requested a hearing.

After the hearing, the ALJ upheld the denial of the claim as it pertained to the degenerative disc disease because claimant had withdrawn her claim with regard to that condition. The ALJ overturned the denial as it pertained to the remaining conditions. The ALJ accepted the opinions of

Dr. Roxanne Donovan and Dr. Kate Morris that the March 22, 1995, injury was the major contributing cause of the denied conditions and discounted the opinions of the independent medical examiners. In concluding that the denied conditions were compensable, the ALJ reasoned:

"I am not persuaded that the effects of the lumbosacral strain (the accepted condition) resolved by 1996 and 1997. Pain symptoms of the lumbar area have persisted since March 22, 1995. Claimant and her husband are credible witnesses. However, if the lumbosacral strain resolved, the 1996 and 1997 lumbar and leg symptoms appear to be the product of the right gluteal/sacroiliac strain (with possible piriformis syndrome) or depression. The post-March 22, 1995, mental state (depression and anxiety), as noted by the ALJ, is a compensable condition. I note, medical arbiter Peterson, if her reported opinions are accepted, opined that the March 22, 1995, industrial accident was the triggering event of the pain syndrome and that the later 1996 pain symptoms (those experienced by claimant between March 22, 1995, and October 23, 1996, when medical arbiter Peterson examined claimant) were maintained by (caused by) depression.

"The diagnosis of a chronic pain syndrome is sufficient to support a compensable claim if the symptom complex is attributable to a work related injury. A specific medical diagnosis is not required. *Boeing Aircraft Co. v. Roy*, 112 Or App 10[, 827 P2d 915] (1992) *citing, Tripp v. Ridge Runner Timber Services*, 89 Or App 355[, 749 P2d 586] (1988); *Karen M. Partridge*, 39 Van Natta 137 (1987)."

Insurer and employer appealed to the Board and argued that the denied conditions were not compensable because they were not supported by objective findings as required by ORS 656.005(7) and (19) and that the cases cited by the ALJ were decided before the legislature amended ORS 656.005(19) in 1995.[1] The Board identified the issue as compensability of the denied conditions and adopted and affirmed the ALJ's order without explanation.

---

[1] ORS 656.005 provides, in part:

"(7)(a) A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental

Insurer and employer then sought judicial review by this court, assigning as error that the Board found the denied conditions compensable without determining whether there were objective findings to support them as required by ORS 656.005(7) and (19). At oral argument, counsel for insurer and employer asserted that, because the Board failed to find that objective findings that are consistent with the applicable statutory standard existed, its order is inadequate for judicial review. We agree.

To be adequate for judicial review, we must be able to discern "what the Board found as fact and why it believes that its findings led to the conclusions that it reached. That requires a reasoned opinion based on explicit findings of fact." *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988) (footnote omitted). The Board can adopt an order of an ALJ that contains those components. *Campos v. Hood River Care Center*, 104 Or App 261, 264, 799 P2d 1152 (1990). In this case, the ALJ's order that the Board adopted did not address the issue of objective findings to support the denied conditions. Even though insurer and employer argued to the Board that the denied conditions were not compensable because there were no objective findings sufficient to satisfy the requirements of ORS 656.005(7) and (19), the Board made no explicit factual findings of its own regarding the existence of objective findings and did not explain why, if at all, the ALJ's opinion was sufficient with regard to that issue. Thus, the Board's order is inadequate for review.

Reversed and remanded for reconsideration.

---

if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings * * *[.]

"* * * * *

"(19) 'Objective findings' in support of medical evidence are verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm. 'Objective findings' does not include physical findings or subjective responses to physical examinations that are not reproducible, measurable or observable."