Argued and submitted March 31, affirmed May 11, petition for review denied October 6, 2016 (360 Or 422)

In the Matter of the Compensation of
Lucila De Los-Santos, Claimant.

Lucila DE LOS-SANTOS,
*Petitioner,*

*v.*

SI PAC ENTERPRISES, INC.;
and Travelers Insurance Company,
*Respondents.*

Workers' Compensation Board
1103363; A157315

373 P3d 1274

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Jonathan A. Rose argued the cause for respondents. On the brief were David L. Johnstone and MacColl Busch Sato, P.C.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**LAGESEN, J.**

Claimant petitions for review of a final order of the Workers' Compensation Board. In that order, the board upheld insurer's denial of claimant's "new medical or omitted medical condition" claim under ORS 656.267.[1] Finding no error by the board, we affirm.

Claimant accidentally injured her back at work and made a claim for workers' compensation benefits for that injury. Insurer concluded that claimant had suffered a compensable injury and accepted her claim. As required by ORS 656.262(6)(b)(A),[2] insurer's notice of acceptance specified the accepted condition that insurer found to be compensable: "lumbar strain."

After approximately 22 months of treatment, claimant initiated a new or omitted condition claim as permitted by ORS 656.267(1). As required by the statute,

---

[1] ORS 656.267, regarding claims for "new and omitted medical conditions," provides:

"(1) To initiate omitted medical condition claims under ORS 656.262 (6)(d) or new medical condition claims under this section, the worker must clearly request formal written acceptance of a new medical condition or an omitted medical condition from the insurer or self-insured employer. A claim for a new medical condition or an omitted condition is not made by the receipt of medical billings, nor by requests for authorization to provide medical services for the new or omitted condition, nor by actually providing such medical services. The insurer or self-insured employer is not required to accept each and every diagnosis or medical condition with particularity, as long as the acceptance tendered reasonably apprises the claimant and the medical providers of the nature of the compensable conditions. Notwithstanding any other provision of this chapter, the worker may initiate a new medical or omitted condition claim at any time.

"(2)(a) Claims properly initiated for new medical conditions and omitted medical conditions related to an initially accepted claim shall be processed pursuant to ORS 656.262.

"(b) If an insurer or self-insured employer denies a claim for a new medical or omitted medical condition, the claimant may request a hearing on the denial pursuant to ORS 656.283.

"(3) Notwithstanding subsection (2) of this section, claims for new medical or omitted medical conditions related to an initially accepted claim that have been determined to be compensable and that were initiated after the rights under ORS 656.273 expired shall be processed as requests for relief under the Workers' Compensation Board's own motion jurisdiction pursuant to ORS 656.278 (1)(b)."

[2] ORS 656.262(6)(b)(A) provides: "The notice of acceptance shall * * * [s]pecify what conditions are compensable."

claimant requested insurer to formally accept the condition of "radiculopathy/radiculitis" as part of her compensable injury. Insurer denied claimant's request to accept that condition, finding that the "medical evidence fails to support that the claimed conditions are compensably related to your industrial injury."

Claimant requested a hearing before an administrative law judge (ALJ) as permitted by ORS 656.267. The ALJ upheld insurer's denial. Claimant then sought review before the board, which also upheld insurer's denial in a divided decision. The board reasoned that, to prevail, claimant was required to prove both that the condition for which she requested acceptance exists, and that her work injury was at least a material contributing cause of that condition. The board then canvassed the medical evidence in the record and found that it was not persuaded by that evidence that the claimed radiculopathy/radiculitis condition exists. Alternatively, the board found that, even if the condition exists, the condition does not have a sufficient causal relationship to her work injury to render it compensable. A dissenting board member would have found both that the claimed condition exists and that claimant's work injury is a material contributing cause of her need for treatment for that claimed condition.

Claimant sought reconsideration before the board, arguing that the board erred in concluding that she was required to demonstrate that her claimed radiculitis/ radiculopathy condition exists. Citing *Boeing Aircraft Co. v. Roy,* 112 Or App 10, 827 P2d 915 (1992), and *K-mart v. Evenson,* 167 Or App 46, 1 P3d 477, *rev den,* 331 Or 191 (2000), claimant argued, among other things, that she need only establish that her claimed symptoms were attributable to the work injury in order to demonstrate that insurer was required to accept her claimed radiculitis/radiculopathy condition. She also disputed the board's analysis and conclusion regarding the causal connection between her work injury and claimed condition. The board responded to claimant's request by issuing an order on reconsideration, in which it adhered to its original decision. The dissenting board member adhered to her previous dissent.

On review, claimant argues that the board committed legal error when it held that she was required to prove that her claimed radiculopathy/radiculitis condition exists in order to prevail on her claim under ORS 656.267 that insurer is required to accept that condition. Although it is not entirely clear to us what standard claimant believes should apply, it appears that claimant is arguing that she may establish her claim for a new or omitted condition by demonstrating that she suffers from symptoms related to her workplace injury. Claimant requests that we remand the case to the board to reevaluate the evidence under that different legal standard.

We are unable to discern any legal error in the board's conclusion that claimant must prove the existence of the claimed new or omitted condition. That conclusion is consistent with the applicable statutes and with our case law governing claims for new or omitted conditions.

As an initial matter, ORS 656.266 places the burden "of proving the nature and extent of any disability resulting" from a compensable workplace injury on the claimant. ORS 656.266(1). The accepted conditions provide the mechanism by which such disability is assessed. *See generally* ORS 656.268; *see also SAIF v. Bales*, 274 Or App 700, 708, 360 P3d 1281 (2015) ("An insurer's acceptance of a new or omitted condition triggers additional obligations such as the obligation to pay permanent disability related to the condition."). That suggests to us that the legislature intended that a claimant would bear the burden of proving the existence of a claimed new or omitted condition in the context of a claim under ORS 656.267 for the acceptance of a new or omitted condition.

In addition, our case law is clear that, to prevail on a new or omitted condition claim under ORS 656.267, a claimant must establish—with medical evidence—that the claimant, in fact, has a *condition. Young v. Hermiston Good Samaritan*, 223 Or App 99, 107, 194 P3d 857 (2008). A claimant cannot prevail on such a claim by demonstrating mere symptoms. *Id.* In *Young*, for example, we affirmed a board order affirming an employer's denial of a new or omitted condition claim for radiculopathy where substantial

evidence supported the board's finding that the claimed radiculopathy was merely a symptom and did not rise to the level of a condition. *Id.* It follows from *Young* that, to prevail on a new or omitted condition claim under ORS 656.267, the claimant must prove that the claimed new or omitted condition not only exists, but also qualifies as a condition, rather than a mere symptom.

As she did below, claimant argues that our decisions in *Boeing Aircraft Co.* and *K-mart,* together with our more recent decision in *Horizon Air Industries, Inc. v. Davis-Warren,* 266 Or App 388, 337 P3d 959 (2014), require a different conclusion. However, none of those cases addressed what a claimant must establish in order to prevail on a new or omitted condition claim under ORS 656.267. Rather, each of those cases addressed what showing must be made to establish a compensable injury. Here, the issue is not whether claimant has suffered a compensable injury; it is undisputed that she has. The issue is whether insurer was required to accept the radiculopathy/radiculitis condition that claimant requested employer to accept as a new or omitted condition. *Boeing Aircraft Co., K-mart,* and *Horizon Air Industries* do not expressly speak to that point. *Young* does.

Beyond that, to the extent claimant relies on those cases for the proposition that she was not required to prove a specific *diagnosis* in order to establish a claimed new or omitted condition, there is no indication in the board's order that the board required claimant to do so. In other words, we do not understand the board's holding that a claimant must prove the existence of a claimed new or omitted condition to encompass a holding that the claimant must do so through evidence of a specific diagnosis; rather, we understand the board to have held simply that claimant was required to prove the existence of the new or omitted condition that she asserts should be accepted.

In sum, claimant has not demonstrated that the board erred in concluding that she was required to prove the existence of the radiculopathy/radiculitis condition for which she sought acceptance in order to prevail on her claim under ORS 656.267. Moreover, although the medical evidence as to the existence of the claimed condition was contradictory,

the board's finding that claimant did not prove the existence of the condition ultimately is supported by substantial evidence, and claimant does not contend otherwise. Consequently, because claimant did not demonstrate that her claimed radiculopathy/radiculitis condition exists, the board correctly upheld insurer's denial of claimant's request that insurer accept that condition. We therefore affirm the board's order without reaching claimant's second assignment of error, which challenges the board's finding that claimant had failed to demonstrate that any radiculopathy/radiculitis condition—if such a condition exists—is sufficiently causally related to claimant's workplace injury to be compensable.

Affirmed.