ARMSTRONG, P. J.
*743 Although this workers' compensation case does not involve angels dancing on pin heads, it does involve dancing around medical terms and an emphasis on hyper-technicality that has unnecessarily delayed the resolution of what should have been a straight-forward new/omitted medical condition claim. And, unfortunately, in light of a change in the law since the board's order, we must once again extend this litigation by remanding the case for reconsideration.
The largely undisputed facts were described in our recent opinion involving an earlier claim by this same claimant, DeBoard v. Fred Meyer , 285 Or. App. 732, 397 P.3d 37, rev. den. , 361 Or. 885, 403 P.3d 770 (2017), and we summarize them here only as necessary for an understanding of the issues on review.
Claimant, who has worked for employer as a baker for 12 years, has a history of back injuries. In November 2012, claimant experienced acute pain in her mid-back while moving trays of bread and sought medical treatment. Employer accepted a claim for a disabling thoracic strain.
While the claim was still open, claimant had an MRI that a radiologist read to show a mild central T6-7 disc "protrusion" with mild spinal cord compression, a moderate right paracentral T7-8 disc "protrusion" with moderate spinal cord compression, and a slight right paracentral T8-9 disc "protrusion" with no spinal cord compression. Claimant filed a new/omitted medical condition claim, asking employer to accept a T6 disc protrusion, a T7-8 disc protrusion, and a T8-9 disc protrusion.
Employer denied the claim, and claimant requested a hearing. The medical evidence is *324 undisputed that claimant suffers from a degenerative condition in three thoracic disc levels of her back. But medical experts offered differing views on the cause of claimant's degenerative disc condition, which they varyingly described as thoracic spondylosis, disc "protrusions" or disc "bulges." Dr. Arbeene, an orthopedic surgeon who examined claimant at employer's request, shared his view that, although doctors use the terms interchangeably, "protrusions" and "bulges" are technically different conditions, and that claimant's MRI was consistent with *744 "bulges" rather than "protrusions." Arbeene also expressed the view that, although claimant's work might have contributed to her symptoms, the major contributing cause of the disc bulges was a degenerative process in claimant's back that was not work related. In July 2013, Arbeene concurred in a statement by employer's attorney that "[t]he disc protrusions and spondylosis have developed gradually over time and are not related to a specific identifiable event or injury." Arbeene later stated that, if he asked five doctors what they meant by "disc bulge" or "disc protrusion," he might get five different answers. He acknowledged that "bulge" and "protrusion" both describe abnormal disc pathology and "more often than not" are used interchangeably.
Dr. Bolstad, claimant's treating physician, used the terms "bulge" and "protrusion" interchangeably and stated that claimant's disc "protrusions" were caused by her work activities. Bolstad attributed claimant's need for treatment of the thoracic disc condition to her work injury.
Dr. Russo, a pain specialist, also was of the view that claimant had "disc bulges/protrusions" at three levels. He opined that her symptoms were in excess of what would be expected from "solely a pre-existing degenerative process," and believed that claimant's symptoms were caused by her work injury.
Based on Arbeene's opinion, employer amended its denial to reject claimant's new/omitted medical condition claim on both injury and occupational disease theories, explaining that "there is insufficient evidence these conditions are related to your [November 2012] injury."
The ALJ found Arbeene's opinion persuasive and upheld employer's denial. The ALJ was convinced by Arbeene's opinion that "protrusions" and "bulges" are distinct conditions and that claimant suffers from "bulges." The ALJ reasoned that, because claimant had sought acceptance of thoracic disc "protrusions," and those conditions were nonexistent, claimant had not established the existence of the new or omitted condition for which benefits were sought. Thus, claimant's request for acceptance of "protrusions" rather *745 than "bulges" meant, in the ALJ's view, that claimant was seeking compensation for a condition that did not exist and, therefore, the claim was not compensable. See De Los-Santos v. Si Pac Enterprises, Inc. , 278 Or. App. 254, 257, 373 P.3d 1274, rev. den. , 360 Or. 422, 383 P.3d 857 (2016) (claimant bears the burden of proving the existence of a claimed new or omitted condition). That was the first unanticipated diversion on a claim in which neither party had questioned the existence of the condition for which claimant sought compensation, and the only issue was the condition's relationship to claimant's employment. In light of the ALJ's determination that claimant had not established the existence of the condition for which compensation was sought, the ALJ did not reach the question whether claimant's thoracic condition was caused by her employment.
Claimant attempted to persuade the board that the medical evidence showed that claimant suffered from a disc condition in her thoracic spine that was caused in material part by her employment and that the terminology used to describe the condition-"protrusion" or "bulge"-was inconsequential. But the board preferred the ALJ's approach and adopted it, with supplementation to address the compensability of the "claimed conditions":
"Even assuming that claimant established the existence of the claimed conditions * * * we would still conclude that the otherwise compensable injury was not the major contributing cause of the disability and need for treatment of the combined thoracic disc conditions. In reaching this conclusion, we are persuaded by the well-reasoned opinion of Dr. Arbeene that the *325 preexisting condition was the major contributing cause of the disability and need for treatment of the combined conditions.
"Accordingly, the employer satisfied its burden of proof under ORS 656.266(2)(a)."[1]
*746 Thus, the board determined that claimant had not established the existence of "the claimed conditions" and that, even if she had, employer had established that the claimed conditions were not compensable.
On judicial review, we affirmed the board. DeBoard , 285 Or. App. at 740, 397 P.3d 37. We reasoned that the board's finding that protrusions and bulges were different conditions was supported by substantial evidence, and we perpetuated the board's conclusion that, because the more persuasive medical evidence showed that claimant had "bulges," claimant had failed to prove the existence of the new/omitted medical condition "for which she had sought compensation." 285 Or. App. at 739, 397 P.3d 37. Because we resolved the petition in that way, we did not address claimant's challenge to the board's additional determination that, "[e]ven assuming that claimant established the existence of the claimed conditions," she did not prove that they were compensable. Id. at 739 n. 1, 397 P.3d 37.
While judicial review of the board's order on the first new/omitted medical condition claim was pending in this court, Dr. Lorber performed a closing examination on claimant's accepted thoracic strain claim and attributed claimant's permanent impairment findings to claimant's preexisting degenerative disc conditions, which he alternately described as "bulges" and "protrusions." The notice of closure did not award any benefits for permanent disability.
Also while judicial review was pending on claimant's first new/omitted medical condition claim, in June 2014, claimant filed a second claim for a new/omitted medical condition, this time seeking acceptance of
"what has been diagnosed as a T6 disc protrusion, a T7-8 disc protrusion with cord compression, and T8-9 disc protrusion. Please also consider this claimant's demand that your client expand its acceptance within this claim to *747 include what has been diagnosed as a T6 disc bulge, a T7-8 disc bulge, and a T8-9 disc bulge."
The medical evidence at that time, consisting only of Arbeene's opinion, was that claimant's condition had not changed since the claim was closed. Employer denied the claim, stating that the compensability of the claimed conditions had been previously litigated and had been determined not to be related to the compensable work injury.
An ALJ agreed with employer and upheld the denial, determining that the compensability of claimant's degenerative thoracic disc condition had been fully litigated in the earlier proceeding.
On appeal, although the board agreed with the ALJ that the claim for disc "protrusions" had been fully litigated, the board rejected employer's contention that the compensability of disc "bulges" had also been resolved by the prior order, adhering to its prior finding that "protrusions" and "bulges" were not the same, and explaining that its resolution of the compensability of the "claimed conditions" in its first order had not been "essential" to the outcome, in light of its conclusion that the claimed protrusions did not exist.
But on this second new/omitted condition claim, the board changed its view as to causation and compensability. The board found that there was no dispute as to the existence *326 of the disc bulges and that claimant had established that the work injury was a material contributing cause of the need for treatment of the disc bulges. The board found persuasive the opinions of Bolstad and Russo that claimant's symptoms were work related, and discounted Arbeene's opinion, which was the only opinion to support employer's position that claimant's disc bulges were not related to her work. The board explained that, although Arbeene had opined that the degenerative disc condition itself was not work related, he had failed to address the cause of claimant's disability and need for treatment. Explicitly not deciding whether claimant had suffered from a combined condition, the board further explained that, if and to the extent employer contended that the bulges were preexisting and had combined *748 with the "otherwise compensable injury," employer had not met its burden to show that the "otherwise compensable injury" was not the major contributing cause of the need for treatment or disability due to the combined condition. See ORS 656.266(2). Accordingly, the board set aside employer's denial.[2]
On judicial review of the board's order on this second new/omitted medical condition claim, we readily reject employer's contention in its first assignment of error that claimant's new/omitted medical condition claim is barred by issue preclusion. Assuming that the board's findings would be given preclusive effect, see Evangelical Lutheran Good Samaritan Soc. v. Bonham , 176 Or. App. 490, 498, 32 P.3d 899 (2001), rev. den. , 334 Or. 75, 45 P.3d 449 (2002) (principles of issue preclusion can apply to litigation of a new medical condition claim), the board's interpretation of its order disposing of the first new/omitted condition claim is a reasonable one. In view of the board's conclusion that the "claimed conditions" of disc protrusion were nonexistent, the board's discussion of causation and compensability in its first order can plausibly be understood to be limited to the "claimed conditions" of multiple-level disc "protrusions," and not to this current claim for "bulges."
However, in analyzing the compensability of the claim, the board cited our opinion in Brown v. SAIF , 262 Or. App. 640, 325 P.3d 834 (2014), in support of its statement that the "otherwise compensable injury," as used in ORS 656.266(2)(a), means the "work-related injury incident." Our opinion in Brown has been reversed.
*749 Brown v. SAIF , 361 Or. 241, 391 P.3d 773 (2017). We therefore remand the case to the board for it to reconsider its determination of compensability under the standard described in the Supreme Court's opinion.[3]
Reversed and remanded.

ORS 656.266 provides, in part:
"(1) The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker. The worker cannot carry the burden of proving that an injury or occupational disease is compensable merely by disproving other possible explanations of how the injury or disease occurred.
"(2) Notwithstanding subsection (1) of this section, for the purpose of combined condition injury claims under ORS 656.005(7)(a)(B) only:
"(a) Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

One board member dissented. In her view, the compensability of the claimed disc condition, whether labeled "protrusions" or "bulges," had been fully litigated in the prior proceeding on the first new/omitted medical condition claim, and issue preclusion applied:
"Claimant now seeks to relitigate the compensability of her same thoracic disc conditions. The requirements for compensability * * * are the same, whether the conditions are labeled 'protrusions' or 'bulges.' In particular, the issue regarding the major contributing cause of the disability/need for treatment of the combined thoracic conditions is identical, was actually litigated, and was essential to our prior decision on the merits. Further, claimant had a full and fair opportunity to be heard regarding the compensability of her claimed thoracic disc conditions and was a party to the prior proceeding, which was the type of proceeding to which a court will give preclusive effect."

We note that, although the claim was not pursued on a combined-condition theory, the board appears to have upheld the compensability of the claim on that theory. For example, in concluding that the ALJ had erred in upholding employer's denial of the disc-bulge condition, the board explained:
"The record does not persuasively establish that claimant's 2012 work-related injury/incident was not the major contributing cause of her disability/ need for treatment of her combined thoracic disc bulges. Accordingly we reverse that portion of the ALJ's order that upheld employer's denial of the new/omitted three-level thoracic disc bulge condition and set aside that portion of the denial."