Argued and submitted February 24, affirmed October 14, 1992

In the Matter of the Compensation of
Dennis L. Barnes, Claimant.

Dennis L. BARNES,
*Petitioner,*

*v.*

SAIF CORPORATION
and Lynn Barnes,
*Respondents.*

(90-10562; CA A70461)

839 P2d 269

Karen M. Werner, Eugene, argued the cause for petitioner. With her on the brief were James C. Egan and Emmons, Kropp, Kryger, Alexander & Egan, P.C., Albany.

Julie Bolt, Special Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of a Workers' Compensation Board order holding that his claim is barred by the Statute of Limitations. The issue is whether SAIF gave claimant sufficient notice that it had denied part of his claim. We affirm.

On September 22, 1989, employer sent claimant a document labeled "Notice of Claim Acceptance" that stated, in part:

"Your claim has been accepted for the following condition(s):

"Fracture right glenoid neck and right mid clavicle.

"Lacerations to the right ear, right forehead and right cheek.

"Cerebral contusion right temporal parietal region.

"Contusions and abrasions right arm, shoulder and knee.

"PARTIAL DENIAL: SAIF Corporation denies responsibility for your pre-existing bifrontal episodic headaches and irritable bowel syndrome as being neither caused nor worsened by your injury of August 7, 1989."

The second page gave the date, claimant's name and claim number and bore the caption "NOTICE OF ACCEPTANCE AND PARTIAL DENIAL." It informed claimant that he had 60 days to request a hearing to contest the denial and that he would lose all rights after 180 days.

Claimant assigns error to the Board's determination that the letter was an effective notice of a partial denial. The parties stipulated that claimant received the letter in September or October, 1989. He requested review more than 180 days later. He concedes that, if the letter was a valid partial denial, his claim is time-barred.

Claimant argues that notice of acceptance requirements differ from those for a notice of denial and that a notice that does not clearly apprise the claimant of a claim denial is invalid. He argues that the denial notice was "buried" in the body of the acceptance and that the format and conflicting notices rendered the notice of denial invalid. We disagree.

ORS 656.262(6) provides, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer * * * within 90 days after the employer has notice or knowledge of the claim.

\* \* \* The notice of acceptance shall:

"(a)   Specify what conditions are compensable.

"(b)   Advise the claimant whether the claim is considered disabling or nondisabling."

OAR 436-60-140(3) provides the same requirements. OAR 436-60-140(4) provides that a notice of denial

"shall comply with the rules of Practice and Procedure for Contested Cases under the Workers' Compensation Law and shall:

"(a)   Specify the factual and legal reasons for the denial; and

"(b)   Inform the worker of the Expedited Claim Service and of the worker's right to a hearing under ORS 656.283."

OAR 438-05-060 requires a partial denial to "set forth with particularity the injury, or condition, benefit or service for which responsibility is denied and the factual and legal reasons therefor." The document meets the requirements for a notice of acceptance and of partial denial.

Claimant cites two cases, *Johnson v. Spectra Physics*, 303 Or 49, 733 P2d 1367 (1987), and *Price v. SAIF*, 296 Or 311, 675 P2d 479 (1984), to support his argument that a partial denial must appear in a separate document. Those cases hold that employers and insurers may issue partial denials. In *Johnson v. Spectra Physics, supra*, 303 Or at 58, the court held that, in a partial denial, "the insurer should inform the claimant of the reasons for the partial denial, allowing the claimant to appeal the denial promptly." SAIF's notice did that. Neither the use of a single document nor the language accepting specified conditions rendered the partial denial of other conditions ambiguous, misleading or otherwise defective.

Affirmed.