Argued and submitted December 15, 2003, affirmed February 25, 2004

In the Matter of the Compensation of
Jeannie F. Stockdale, Claimant.

Jeannie F. STOCKDALE,
*Petitioner,*

*v.*

SAIF CORPORATION
and Marquis Companies I, Inc.,
*Respondents.*

01-06566; A119788

84 P3d 1120

Dale C. Johnson argued the cause and filed the brief for petitioner.

David L. Runner argued the cause and filed the brief for respondents.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

Claimant seeks review of an order of the Workers' Compensation Board (board) upholding the denial of the compensability of her combined condition. This case requires us to determine whether, consistently with ORS 656.262(6)(c), an employer or insurer may issue a single letter to notify a claimant that it is both accepting and denying compensation for a combined condition. We conclude that such a letter is not prohibited by ORS 656.262(6)(c) provided that the effective date of the denial of the condition is later than the effective date of acceptance of the condition. Because SAIF's letter in this case satisfied that criterion, we affirm.

In June 2000, claimant suffered a low back injury while working for Marquis, her employer. She submitted a claim for workers' compensation benefits soon thereafter. SAIF, on employer's behalf, accepted the claim as a nondisabling lumbosacral strain in August 2000.[1] In September 2000, an MRI revealed that claimant had "desiccated" intervertebral discs, as well as an "annular bulge" and subannular fissures. In June 2001, claimant underwent an insurer medical examination (IME) by Dr. Bergquist, who diagnosed claimant's condition as chronic low back pain secondary to degenerative disc disease. The next month, SAIF sent claimant a letter informing her that it had accepted her injury as a combined condition (specifically, lumbosacral strain combined with degenerative disc disease) effective August 29, 2000. In a later paragraph of the same letter, SAIF denied the compensability of the combined condition as of the date of the IME, June 13, 2001, on the ground that, as of that date, claimant's lumbosacral strain was no longer the major contributing cause of her need for treatment. Claimant appealed the denial, asserting, among other things, that SAIF's denial of compensability in the June 2001 letter was procedurally invalid under ORS 656.262(6)(c). An administrative law judge (ALJ) upheld the denial, and claimant appealed to the board, which affirmed the ALJ's decision.

---

[1] In November 2000, SAIF modified its acceptance to classify claimant's injury as disabling. That modification does not affect the legal issue presented.

On review, we are presented with the narrow question of whether ORS 656.262(6)(c) precludes an employer or insurer from denying the compensability of a combined condition in the same letter in which it accepts that condition. That presents a question of statutory interpretation, which we review for errors of law. ORS 183.482(8).

ORS 656.262(6)(c) provides:

> "An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from *later* denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

(Emphasis added.) The emphasized word in that statute "later"—is the source of claimant's argument. She asserts that, by including that word, the legislature intended that "acceptance and denial of [a] combined condition cannot occur simultaneously," and that, by including notice of both acceptance and denial in a single letter, SAIF did just that. Therefore, she argues, the board erred in upholding the denial. In response, SAIF and employer argue that the statute was "intended merely to make clear that acceptance of a combined condition would have no preclusive effect on denial of that condition once the compensable injury was no longer the major contributing cause of the combined condition" and that the board properly upheld the denial.

To interpret ORS 656.262(6)(c), we turn to the template of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), which directs us to look first to the text of the statute in context as the best evidence of the legislature's intent. As noted, claimant hinges her argument on the meaning of the word "later." But this case does not require us to determine the meaning of that term. Instead, the key question, as we see it, is: later than *what*? That is, from what event is "later" to be measured? The text of the statute does not answer that question but, in the context of the workers' compensation scheme as a whole, it is evident that the relevant event is the effective date of the acceptance

of a combined condition, rather than the date on which the notice of that acceptance is given.

As earlier noted, SAIF accepted claimant's injury as a combined condition. ORS 656.005(7)(a)(B) defines combined conditions in such a way that they are compensable "only if, so long and to the extent that the otherwise compensable injury is the major contributing cause of the disability" or need for treatment. Despite that provision, before 1995 nothing in the workers' compensation scheme gave an employer or insurer the authority to deny before claim closure a combined condition that it had previously accepted, nor a procedural means for doing so, if the compensable injury ceased to be the major contributing cause of disability or need for treatment. *See generally SAIF v. Belden,* 155 Or App 568, 573, 964 P2d 300 (1998), *rev den,* 328 Or 330 (1999). Instead, an employer's or insurer's only option with respect to an accepted combined condition was to close the claim—an option that required the combined condition to first become medically stationary, even if the compensable injury no longer was the major contributing cause of the disability or need for treatment. *Id.*

As we outlined at some length in *Belden,* the legislature amended the workers' compensation statutes in 1995 to remedy that problem. In particular, via amendments to ORS 656.262, employers or insurers gained both the right and the means of denying an accepted combined condition. We observed in *Belden* that ORS 656.262(6)(c)—the statute at issue in this case—was the source of an employer's or insurer's right to deny a previously accepted claim at any time: "Under ORS 656.262(6)(c), an insurer may now deny an accepted combined condition *at any point* if the compensable injury ceases to be the major contributing cause of the combined * * * condition." *Id.* at 573 (internal quotation marks and footnote omitted; emphasis in original). That same statute is not, however, the source of the procedure for doing so. *Id.* at 574-75. Rather, "[f]or that, the legislature enacted ORS 656.262(7)(b)," a "notice statute[,]" the purpose of which "is to ensure that, if an insurer is going to take advantage of its newly acquired right to deny an accepted combined condition, it does so in a manner that provides the claimant with a reasonable opportunity to object to that denial." *Id.* at 574.

Paragraph (7)(b) therefore requires, as a prerequisite to claim closure, that "[o]nce a worker's claim has been accepted," the employer or insurer provide a claimant with a "written denial" of a combined condition.[2]

From that context, the meaning of the reference in ORS 656.262(6)(c) to an employer's or insurer's ability to "later" deny an accepted combined condition readily emerges. Because paragraph (6)(c) describes the employer's or insurer's *right* to deny an accepted combined condition, not the procedural mechanism for doing so, the reference does not require any specific delay between the acceptance and the denial. Instead, the language emphasizes the change that the legislature meant to make from the pre-1995 state of the law—that is, that an employer or insurer has authority to deny a combined condition that it previously accepted. Significantly, in providing the procedural means to invoke that denial authority, ORS 656.262(7)(b) does not require that notice of the denial be issued "later" than notice of the acceptance. That provision states only that, "once" the combined condition has been accepted, the employer or insurer must issue a written denial when the accepted injury is no longer the major contributing cause of the worker's combined condition. That provision obligates the employer or insurer to deny the claim in writing if the claim has been accepted. Nothing in those statutes provides a basis for us to conclude, as claimant urges, than an employer or insurer must wait for some specified period after accepting a combined condition before providing notice to a claimant that the condition has been denied.

We therefore conclude that an employer or insurer, once it accepts a combined condition, is entitled to deny the compensability of that claim "at any point" if the compensable injury ceases to be the major contributing cause of the disability or need for treatment. *Belden,* 155 Or App at 573. Nothing in the pertinent statutes precludes an employer or

---

[2] ORS 656.262(7)(b) provides:

"Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."

insurer from providing notice of that denial in the same letter in which it accepts a combined condition, provided that the effective date of the denial is later than the effective date of the acceptance. In this case, the letter issued by SAIF notified claimant of its acceptance of claimant's injury as a combined condition effective August 29, 2000, and denied the compensability of that condition as of June 13, 2001. Because the date of the denial was later than the effective date of the acceptance of claimant's condition, the letter did not violate ORS 656.262(6)(c).

Affirmed.