Argued and submitted January 31, affirmed June 12, 2013

In the Matter of the Compensation of
Lillian A. Wilkinson, Claimant.
## TRIMET,
*Petitioner,*

*v.*
## Lillian A. WILKINSON,
*Respondent.*

Workers' Compensation Board
0806396; A149776

304 P3d 46

Scott H. Terrall argued the cause and filed the briefs for petitioner.

James W. Moller argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Petitioner TriMet (employer) seeks judicial review of a final order of the Workers' Compensation Board (the board) that set aside its denial of claimant's combined condition claim involving her left hip and lower back. Employer argues that the board erred in concluding that its September 2008 denial of claimant's combined condition was "procedurally invalid because it denied a combined condition in the absence of an acceptance of such a condition." *See Croman Corp. v. Serrano*, 163 Or App 136, 140-41, 986 P2d 1253 (1999) (under ORS 656.005(7)(a)(B) and ORS 656.262(6) (c), a combined condition "must have been accepted before it may be denied"). More specifically, employer asserts that its September 2008 denial letter functioned as *both* an acceptance and a denial, *see Stockdale v. SAIF*, 192 Or App 289, 291, 294-95, 84 P3d 1120 (2004) (stating that "an employer or insurer may issue a single letter to notify a claimant that it is both accepting and denying compensation for a combined condition"), and argues that the board erred in requiring that the letter include so-called "magic words" such as "accept a combined condition." On review for substantial evidence and errors of law, ORS 656.298(7); ORS 183.482(8), we conclude that the board correctly determined that employer failed to accept claimant's combined condition before denying it and, accordingly, affirm.

The relevant facts are as follows. On August 29, 2007, while working as a bus driver for employer, claimant suffered injuries to her lower back and left hip when her "seat lost air out of it and went to the floor" and the replacement bus provided by employer was ill-suited to her short stature, causing further injury by forcing her to stretch unnaturally to reach the pedals and controls. She subsequently sought and received medical treatment and underwent an independent medical examination (IME) performed by Dr. Carr. On January 29, 2008, after reviewing Carr's IME report, employer accepted claimant's injury claims for "lumbar/sacroiliac strains and left trochanteric bursitis."[1]

---

[1] That acceptance rescinded an initial denial issued on October 26, 2007, in which employer—prior to the IME—stated that "insufficient evidence exist[ed] to justify that [claimant's] lower back condition [was] the result of a work related injury o[r] disease."

However, claimant had "a significant history of preexisting low back and hip problems[,]" having been treated just nine days prior to the work-related accident for "low back and hip pain extending into her leg[.]" She had not fully disclosed that information to Carr and, thus, employer accepted claimant's above-mentioned injury claims with limited knowledge regarding the extent of her history of similar symptoms.

Upon learning more about claimant's preexisting conditions after obtaining additional medical information and facilitating another IME, employer sent claimant a letter dated September 24, 2008. That letter stated, in pertinent part:

"Dear [claimant]:

"Your injury of August 29, 2007 has been accepted as a disabling lumbar/sacroiliac strains [sic] and left trochanteric bursitis.

"Medical evidence indicates that you had pre-existing conditions relating to these body parts and that your injury of August 29, 2007 combined with these pre-existing conditions to require treatment and cause disability. The medical evidence also establishes that the original accepted injury has resolved and is no longer the major contributing cause of any claimed need for treatment or disability. The report issued by Dr. John Swanson as the result of the independent medical examination of September 3, 2008 supports this statement and your attending physician Lori Gross, MD has concurred with the report.

"We are therefore denying the compensability of your current conditions involving the left hip and low back as not being compensably related to your accepted injury and not arising out of and in the course of employment with [employer]."

Claimant requested a hearing, which was conducted on July 31, 2009, before an administrative law judge (ALJ). At the conclusion of that hearing, the ALJ set aside employer's denial of claimant's combined condition, reasoning that employer's denial included neither "a statement that it accepted a combined condition" nor any language sufficient "to establish a combined condition acceptance." The ALJ therefore determined that "employer did not accept a combined condition

prior to denying the combined condition. Consequently, the denial is invalid and will be set aside."

Employer requested review by the board, which, on September 21, 2011, issued a final order affirming the ALJ—likewise concluding that "employer's denial [was] procedurally invalid because [employer] had not first issued a written acceptance of a combined condition." The board acknowledged employer's argument that "its [September 2008] 'denial' letter also contained an implied acceptance of a combined condition." (Footnote omitted.) However, the board reasoned:

> "With respect to a combined condition, the letter does not contain the term 'accept' or other like-terms that would establish such a combined condition acceptance. Rather, [employer's September 2008] letter indicates the acceptance of an initial injury, the *existence* of a 'combined condition,' and the *denial* of a combined condition. Acknowledging the existence of a 'combined condition,' however, is not equivalent to *accepting* such a condition[.]"

(Emphases in original.) Employer sought judicial review.

On review, employer reprises its argument that its September 2008 denial letter to claimant functioned as *both* an acceptance and denial of the combined condition claim. As noted, employer primarily asserts that the board improperly required that it "embellish its [purported] acceptance with specific words, such as 'accept a combined condition.'" In advancing that argument, employer relies on *Columbia Forest Products v. Woolner*, 177 Or App 639, 645-47, 34 P3d 1203 (2001), in which we stated that "specific words" (*i.e.*, so-called "magic words") are not necessary "to signify the acceptance of a combined condition" and that "[t]here is no statute that prescribes a particular manner for acceptance of a combined condition." Claimant responds by noting that, although "specific words" are not required, "the law requires that an injured worker be notified in some manner of an acceptance[.]" Echoing the board's reasoning, she contends that employer's September 2008 denial letter merely acknowledged employer's prior acceptance of claimant's initial injury claims, acknowledged the existence of a combined condition that arose at some unspecified time,

and then denied compensability of that vaguely defined combined condition—ultimately failing to "provide notice of any acceptance" of the combined condition.

We first clarify the applicable standard of review. Employer raises two assignments of error; however, they are effectively identical aside from the standards of review invoked. In employer's first assignment of error, it challenges the board's conclusion as a matter of law on the basis of the board's purported requirement that employer use "specific" or "magic" words. In employer's second assignment of error, it contends that the board's order is not supported by substantial evidence. We address those assignments of error together, because, as claimant correctly points out, "although couched as an assignment alleging an error of law, [employer's first assignment of error] boils down to the assertion that the evidence [(*i.e.*, the denial letter)] should have led the Board *to find as fact* that [employer] had accepted claimant's combined condition." (Emphasis added.) *See Woolner*, 177 Or App at 646 ("The scope of an employer's acceptance has *always* been an issue of fact." (Citation omitted; emphasis in original.)); *SAIF v. Tull*, 113 Or App 449, 454, 832 P2d 1271 (1992) ("[W]hether an acceptance occurs is an issue of fact."); *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990) (noting that we review the board's factual findings for substantial evidence and that "substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding"). Accordingly, the question before us is simply whether the board's order—namely, its evaluation of the scope (and thus the legal effect) of the September 2008 denial letter—is supported by substantial evidence.

Applying that standard, we agree with claimant and conclude that substantial evidence supports the board's finding that employer's September 2008 denial letter did not constitute an acceptance of claimant's combined condition and that employer did not otherwise accept claimant's combined condition before denying it. Consequently, we conclude that the board correctly determined that the September 2008 denial was "procedurally invalid because [employer] had not first issued a written acceptance

of a combined condition" as required by ORS 656.005(7)(a)(B) and ORS 656.262(6)(c). *Croman Corp.*, 163 Or App at 140-41.

As noted, in advancing its argument, employer relies heavily on *Woolner,* and, indeed, in that case we unambiguously stated that "a notice of acceptance that fails to employ the *specific words* 'combined condition' is not—for that reason alone—insufficient as a matter of law to constitute an acceptance of a combined condition * * *." 177 Or App at 647 (emphasis added). At issue in *Woolner* was the scope of the employer's acceptance—that is, whether that acceptance included acceptance of a combined condition rather than injury claims alone. *Id.* at 643-45. We stated that "evidence need not consist of 'magic words[,]'" ultimately holding that the claimant was incorrect in contending that the employer had failed to accept a combined condition merely because it did not "embellish its acceptance with specific words"—namely, the words "combined condition." *Id.* at 644-47.

Employer's reliance on *Woolner* as a basis for reversal is inapposite here. Employer's September 2008 denial letter's deficiency is not limited to its failure to use "magic words" to convey its purported acceptance of claimant's combined condition, and, in any event, the board acknowledged *Woolner*'s holding and did not rest its finding as to the letter's scope solely on employer's failure to use "specific" language. Rather, the board correctly reasoned that "[a]cknowledging the existence of a 'combined condition[]' * * * is not equivalent to *accepting* such a condition[.]" (Emphasis in original.) That is, the board reasoned that the letter must have "both acknowledged and accepted" claimant's combined condition using language that, at minimum, "informed claimant that [employer] had *accepted the combined condition.*" (Emphasis in original.) As claimant correctly notes in addressing employer's contention that the board ran afoul of the principles set forth in *Woolner,* the board "did not require that [employer] accept a combined condition in any particular manner. Instead, the Board looked at the language that purportedly accepted the combined condition * * * and held that this evidence did not establish the acceptance of a combined condition."

Specifically, although it acknowledged the existence of a combined condition, the letter did not (1) specify the particular combined condition purportedly being accepted, nor the preexisting conditions being relied upon as the basis for employer's identification of an unspecified combined condition; (2) demarcate the date on which claimant's work injury combined with those unspecified preexisting conditions; or (3) specify when the combined condition became compensable. *See* ORS 656.262(6)(b)(A) (notice of acceptance must "[s]pecify what conditions are compensable"). Nor did the letter state that it was modifying the earlier notice of acceptance under ORS 656.262(6)(b)(F) (notice of acceptance "shall * * * [b]e modified * * * from time to time as medical or other information changes a previously issued notice of acceptance").

Rather, employer's letter merely gave rise to an inference that claimant's unspecified (both substantively and temporally) combined condition must have been accepted because it was ultimately denied. Such an inference is not enough to transform an otherwise vague denial of a combined condition into the predicate acceptance of that condition required by law. *See* ORS 656.005(7)(a)(B); ORS 656.262(6)(c); *Croman Corp.*, 163 Or App at 140-41.

In sum, in addition to lacking any language ("specific" or otherwise) indicating acceptance of a combined condition, the letter as a whole did not contain any indication that employer was accepting a combined condition—failing to state even the nature of the combined condition or when it arose. The board's finding to that effect is supported by substantial evidence, and, based on that finding, the board correctly concluded that employer's denial was procedurally invalid. Accordingly, we affirm the board's order.

Affirmed.