Argued and submitted May 17, 2016, affirmed February 1, 2017

In the Matter of the Compensation of
Edward A. Scott, Claimant.

Edward A. SCOTT,
*Petitioner,*

*v.*

THE SPORTS AUTHORITY, INC.,
*Respondent.*

Workers' Compensation Board
1402658; A159765

388 P3d 1175

Theodore P. Heus argued the cause for petitioner. With him on the briefs was Preston Bunnell, LLP.

Jerald P. Keene argued the cause for respondent. With him on the brief was Oregon Workers' Compensation Institute, LLC.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## ARMSTRONG, P. J.

Claimant, who has an accepted workers' compensation claim for a right knee strain, seeks review of an order of the Workers' Compensation Board holding that employer did not also accept the compensability of preexisting degenerative conditions of his right knee. We review the board's order for substantial evidence and legal error, ORS 183.482(8)(a), (c), and conclude that the board did not err. We therefore affirm.

The facts are not disputed. We summarize them as stated in the board's order and as stipulated by the parties. Claimant injured his right knee at work in June 2013. Employer's claims-processing agent accepted a claim for a disabling right knee strain. On November 8, 2013, employer's processing agent sent claimant a letter advising that the knee strain had resolved and that employer was denying the compensability of claimant's "current and/or preexisting condition(s) of partial to full thickness cartilage loss, degeneration and tearing of the posterior horn of the medial meniscus." At claim closure, employer's processing agent issued an updated notice of acceptance describing the accepted condition as a disabling right knee strain. Claimant requested reconsideration and, on February 4, 2014, the Workers' Compensation Division of the Department of Consumer and Business Services issued an order rescinding the notice of closure for the reasons that claimant was not medically stationary and there were insufficient findings to determine the extent of permanent disability.

Also on February 4, 2014, a claims examiner for the claims-processing agent addressed to claimant a "Modified Notice of Acceptance" accepting claimant's claim as disabling[1] and stating:

> "On 11/8/2013, a denial was issued for your right knee condition. At this time, we are rescinding that denial in its entirety.

---

[1] From a list of possible reasons for the modified notice of acceptance, the claims examiner placed a check mark in the box labeled "Change to Disabling Status of Claim."

> "This is your notice that your claim for workers' compensation is being accepted. We are accepting your condition as:
>
> "Condition(s): **right knee strain, partial to full thickness cartilage loss, degeneration and tearing of the posterior horn of the medial meniscus as disabling.**"

(Boldface in original.) Copies of the modified notice of acceptance were also addressed to the Workers' Compensation Division, employer, the parties' attorneys, and claimant's doctor. But before the modified notice of acceptance and its copies went into the United States mail, the claims examiner learned that employer did not intend to accept the described conditions other than the right knee strain; she was able to retrieve the notice to claimant and all of the copies from the processing agent's mail facility except for the copy addressed to claimant's attorney. However, before claimant's attorney received his copy, employer's attorney called claimant's attorney to tell him that the notice had been sent in error and to ask him to return the copy unopened. Claimant's attorney declined the request to return the letter, and, when he received the document, he forwarded it to claimant.

When employer closed the claim on May 7, 2014, it issued an updated notice of acceptance at closure that accepted only a right knee strain. Claimant requested a hearing, asserting that employer's acceptance should include the other conditions that were listed in the February 4, 2014, modified notice of acceptance. The administrative law judge (ALJ) held that the modified notice of acceptance was binding. The board reversed the ALJ, finding that "the record persuasively establishes that employer did not accept the disputed conditions."

Claimant acknowledges on judicial review that whether a claim has been accepted is a question of fact that is reviewed for substantial evidence. *TriMet v. Wilkinson*, 257 Or App 80, 85, 304 P3d 46 (2013); *SAIF v. Tull*, 113 Or App 449, 454, 832 P2d 1271 (1992) (en banc); *Columbia Forest Products v. Woolner*, 177 Or App 639, 34 P3d 1203 (2001). Citing the Supreme Court's opinion in *Johnson v. Spectra Physics*, 303 Or 49, 733 P2d 1367 (1987), among other cases,

claimant nonetheless contends that an acceptance occurred as a matter of law when the claims examiner "executed"[2] the modified notice of acceptance.[3]

Claimant's view is not borne out by the case law, which has consistently held that the presence or absence of formal documentation, although relevant, is not necessarily dispositive of whether there has been an acceptance and the scope of that acceptance, which must be resolved as a question of fact. In *Tull*, we were faced with the question whether the insurer's check mark in an "accepted" box on an 801 form constituted an acceptance that prevented a subsequent denial under the Supreme Court's opinion in *Bauman v. SAIF*, 295 Or 788, 794, 670 P2d 1027 (1983) ("If *** an insurer officially notifies the claimant that the claim has been accepted, the insurer may not *** deny the compensability of the claim" absent a showing of fraud, misrepresentation, or other illegal activity.) 113 Or App at 452-53. The record did not show whether the claimant had received a notice of the acceptance. In affirming the board's order holding that the claim had nonetheless been accepted, we emphasized that whether an acceptance occurs is a question of fact that must be supported by substantial evidence. *Id.* at 454. We concluded that the evidence was sufficient to support the board's finding that there had been an acceptance. We rejected the dissent's assertion in *Tull* that *Bauman* required us to conclude that there had been no acceptance because SAIF had not sent written notice of acceptance to the claimant as required by ORS 656.262(6), emphasizing the conclusion that whether or not a claim has been accepted is a question of fact. *Id.*

We recognize, as claimant asserts, that in *Tull*, which we decided *en banc*, we held that ORS 656.262(6)

---

[2] The notice closed with the claims examiner's typed name but did not include a signature.

[3] Claimant asserts, further, that, having accepted the conditions, employer is prohibited from denying them. ORS 656.262(6)(a) provides, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim. Once the claim is accepted, the insurer or self-insured employer shall not revoke acceptance except as provided in this section."

does not *require* "notice, written or otherwise, as a legal prerequisite for acceptance." *Id.* at 454. We do not dispute that conclusion here. But we do conclude that the evidence was sufficient in this case to allow the board to find, as it did, that there had been no acceptance by employer of the disputed conditions. And, contrary to claimant's contention, we conclude that the board understood and applied the correct standard. In its order, the board stated that "[t]he determination of the existence of an acceptance is a factual determination that is not necessarily dependent on the issuance of a formal acceptance notice. * * * [T]his particular record persuasively establishes that the employer did not accept the disputed conditions." We reject claimant's contention that, because of the modified notice of acceptance, the board was required to find as a matter of law that the disputed conditions had been accepted.[4]

---

[4] We nonetheless appreciate the irony of claimant's reliance on the Supreme Court's opinion in *Johnson* as support for his contention that an acceptance occurred as a matter of law when the processing agent created the modified notice of acceptance, in light of claimant's simultaneous argument that the effectiveness of an acceptance does not depend on notice to the claimant, as required by ORS 656.262(6). As we read *Johnson,* it conditioned the effectiveness of an acceptance for purposes of ORS 656.262(6) on notification to the claimant. In *Bauman,* 295 Or at 794, the Supreme Court had concluded that, "[i]f * * * the insurer officially notifies the claimant that the claim has been accepted, the insurer may not * * * deny the compensability of the claim unless there is a showing of fraud, misrepresentation or other illegal activity." The court held that the claim was accepted for purposes of ORS 656.262(6) in *Bauman* when it was "specifically accepted" as compensable "by providing the claimant with an acceptance letter and subsequently paying medical benefits for a three-year period." *Id.* at 793. In *Johnson,* the court adhered to *Bauman* but explained that *Bauman*'s prohibition of "retrospective denials" applies only when a claim has been "specifically" or "officially" accepted by "written notice of acceptance or denial of the claim." 303 Or at 55; *see also SAIF v. Mize,* 129 Or App 636, 640, 879 P2d 907 (1994) ("Once an employer or insurer officially notifies a claimant that the claim has been accepted, it may not subsequently deny compensability without complying with ORS 656.262(6)."); *Allen v. Bohemia, Inc.,* 125 Or App 205, 209, 864 P2d 1365 (1993), *rev den,* 318 Or 582 (1994) ("*Bauman* only applies to a claim specifically or officially accepted by the insurer."). We recognize that in *Tull* we said that the issue "[w]hether furnishing a notice to claimant was a necessary element for an 'acceptance' to occur under ORS 656.262(6)" was not before the court in *Johnson.* 113 Or App at 453. We further held in *Tull* that an acceptance does not, as a matter of law, require notice to the claimant. *Id.* at 454.

In any event, neither *Bauman* nor *Johnson* nor *Tull* dealt with the precise question presented here, *viz.,* whether, in the light of a document including an explicit or "specific" acceptance, the board may nonetheless find, based on other evidence in the record, that there has not been an acceptance for purposes of ORS 656.262(6).

The remaining question is whether the board's factual determination that there was no acceptance of the disputed conditions is supported by substantial evidence in the record, that is, "whether the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c); *TriMet*, 257 Or App at 85; *see also Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988). The dispute distills down to whether, despite the unambiguous statement in the modified notice of acceptance, there is evidence from which the board could nonetheless reasonably find that employer did not accept the conditions. There is. The parties stipulated that employer's claims examiner retrieved the original notice and all but one of the copies from the processing agent's mail room after realizing that employer did not intend to accept the disputed conditions. The parties stipulated that, before claimant's attorney received his copy of the modified notice of acceptance, employer's attorney notified him that it had been issued in error. The board found that the modified notice of acceptance had accepted conditions that employer did not intend to accept.[5] We conclude that the board's finding that there had been no acceptance of the disputed conditions is supported by substantial evidence.

Affirmed.

---

[5] Claimant does not dispute that finding or its relevance to the factual determination whether the conditions had been accepted. *See EBI Ins. Co. v. CNA Insurance*, 95 Or App 448, 451, 769 P2d 789 (1989) (affirming board order holding that report reflecting acceptance of claim was not intended to be an acceptance).