Argued and submitted February 9, 2016, affirmed April 19, 2017

In the Matter of the Compensation of
William W. Hoffnagle, Claimant.

**SHEARER'S FOODS,**
*Petitioner,*

*v.*

**William W. HOFFNAGLE,**
*Respondent.*

Workers' Compensation Board
1301384; A157714

395 P3d 622

Jerald P. Keene argued the cause for petitioner. With him on the briefs was Oregon Workers' Compensation Institute, LLC.

Julene M. Quinn argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**GARRETT, J.**

The question in this case is whether the Workers' Compensation Board erred when it concluded that employer accepted a condition concerning an original injury in the context of a letter denying a new injury. Employer argues that the board's reasoning is flawed because the letter at issue was clearly, unambiguously, and exclusively a denial— not an acceptance of anything. We conclude that, under the circumstances, the board could reasonably disagree. Accordingly, we affirm.

We take the facts from the board's September 3, 2014, order on reconsideration. Claimant slipped and fell at work on June 7, 2012. On August 1, 2012, employer accepted a claim for a left hip strain. Several weeks later, on September 10, claimant was working when he felt a pop and a sharp pain in his lower back. Claimant filed a claim for a new injury (lower back strain) as well as a "Form 827" reporting an aggravation of his June 2012 injury.

In late September, claimant had a telephone conversation with employer's claims adjuster, who said that employer would be issuing a denial of the new injury but that it "would not matter" because claimant would receive benefits under his June 2012 injury. Employer sent a letter on October 1, 2012, that stated:

> "You filed a claim for a lower back injury that occurred on 9/10/12 while you were employed with [employer]. After careful review of the information in our file, it does not appear that you sustained a new injury on that date. *Rather, the current condition appears to relate to your prior injury that occurred 6/12. Thus, we hereby issue a denial of the new injury. All benefits will be paid on your prior claim.*"

(Emphasis added.)

The October 2012 letter also included the statement of hearing rights that is required for a denial under OAR 438-005-0055(1). It did not include the information required for notices of acceptance under ORS 656.262(6)(b) and OAR 436-060-0140(4).[1]

---

[1] OAR 436-060-0140 was amended on November 28, 2016, after the board issued the order on reconsideration in this case, and after the close of briefing

Claimant did not request a hearing regarding the denial. As he later testified, he believed, on the basis of his conversation with the claims adjuster, that his back conditions would be accepted.

In March 2013, claimant filed a new/omitted medical condition claim for "L4-5 and L5-S1 disc protrusion/bulge/herniation with left leg radicular symptoms and sciatica; and lumbar strain." Employer denied the claim, asserting that the conditions were not due to the June 2012 injury. Claimant requested a hearing.

On July 2, 2013, employer issued an amended notice of acceptance concerning the June 2012 injury that identified the accepted condition as "left hip contusion/strain and left gluteal soft tissue contusion, combined with preexisting, noncompensable, lumbar spondylosis (effective 6/7/12)." The next day, July 3, employer denied the accepted combined condition on the ground that the compensable condition had ceased to be the major contributing cause of the disability and need for treatment. *See* ORS 656.262(6)(c) ("An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7) * * * shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition.").

At a hearing regarding both the March and the July denials, claimant argued that the March denial was an improper "back-up" denial[2] under ORS 656.262(6)(a),

on appeal. As part of that amendment, *former* OAR 436-060-0140(5) (2009) was renumbered as OAR 436-060-0140(4). Because the amendment is not material to our analysis, throughout this opinion we refer to the current version of the Oregon Administrative Rules.

ORS 656.262(6)(b) and OAR 436-060-0140(4) provide, in pertinent part, that a notice of acceptance must furnish a claimant with information regarding what conditions are compensable; whether the claim is considered disabling or nondisabling; the Expedited Claim Service and the hearing and aggravation rights concerning nondisabling injuries, including the right to object to a decision that an injury is nondisabling; the claimant's employment reinstatement rights and responsibilities under ORS chapter 659A; and assistance available to employers and workers from the Reemployment Assistance Program under ORS 656.622.

[2] A back-up denial is a retroactive denial of a previously accepted claim. *Oak Crest Care Center v. Bond*, 101 Or App 15, 17 n 1, 789 P2d 6, *rev den*, 310 Or 121 (1990).

because employer had previously accepted claimant's current back conditions in its October 2012 letter to claimant. *See* ORS 656.262(6)(a) ("Once the claim is accepted, the insurer or self-insured employer shall not revoke acceptance except as provided in this section."); *City of Grants Pass v. Hamelin*, 212 Or App 414, 417, 157 P3d 1206 (2007) ("When a claim has been accepted pursuant to ORS 656.262(6)(a), there are only two grounds on which it may be revoked: (1) fraud, misrepresentation, or other illegal activity by the worker; and (2) later-obtained evidence showing that the claim is not compensable or is not the responsibility of the accepting insurer."). The administrative law judge (ALJ) sided with employer, reasoning that the October 2012 letter was solely a denial of the September 2012 injury and did not accept any conditions related to the June 2012 injury, and, therefore, it was not a bar to employer's March 2013 denial of claimant's new/omitted medical conditions. The ALJ also concluded that the June 2012 injury had caused "otherwise compensable" low back conditions that combined with a preexisting condition. On the basis of expert medical evidence from Drs. Bergquist and Rosenbaum, the ALJ finally concluded that the otherwise compensable injury had ceased to be the major contributing cause of claimant's disability or need for treatment of the combined condition. Accordingly, the ALJ upheld the denials issued by employer in March and July 2013.

On review, the board took a different approach. The board explained, first, that it viewed the October 2012 letter as an *acceptance* of claimant's lower back conditions—specifically, lumbar strain and L4-5 and L5-S1 disc conditions with left leg radicular symptoms and sciatica—in connection with the *June 2012* injury, albeit within the context of a letter *denying* a new September 2012 injury. Thus, the board reversed the ALJ's order insofar as it upheld employer's March 2013 denial of those new/omitted medical conditions.

Turning to employer's July 2013 denial of the current combined condition, the board then explained that it was not persuaded by Bergquist and Rosenbaum, the medical experts on whom the ALJ had relied, because they had failed to account for the L4-5 and L5-S1 disc conditions

as part of the "otherwise compensable injury." Concluding that employer had therefore failed to carry its burden to show that the otherwise compensable injury had ceased to be the major contributing cause of the combined condition, the board reversed the ALJ's order insofar as it upheld employer's combined condition denial.

On judicial review, the parties agree that the question before us reduces to whether the board erred when it concluded that the October 2012 letter constituted an acceptance of claimant's L4-5 and L5-S1 disc conditions. That conclusion was the predicate for the board's determination that Bergquist and Rosenbaum were not persuasive; the board articulated no other reason for discrediting their opinions. Employer identifies no error other than the board's conclusion regarding the October 2012 letter, which, according to employer, infected the rest of the board's reasoning. Thus, the board's treatment of that letter is dispositive.

The board determined that the October 2012 letter had "accepted" claimant's low back condition—specifically, again, lumbar strain and L4-5 and L5-S1 disc conditions with left leg radicular symptoms and sciatica—in connection with the original June 2012 injury. The board reasoned:

"The October 2012 letter unambiguously stated that claimant's 'current condition' related to his June 7, 2012 injury. The letter further expressly provided that '[a]ll benefits will be paid on your prior claim.' Finally, the employer's letter stated that claimant had not sustained a new injury on September 10, 2012, and that it was denying the new injury. It included the statement of hearing rights required for a denial under OAR 438-005-0055(1), but not the information required for notices of acceptance under ORS 656.262(6)(b)(B)-(E) and OAR 436-060-0140[(4)](b)-(h).

"A single document may function as both an acceptance and a denial. *See Stockdale v. SAIF*, 192 Or App 289[, 84 P3d 1120] (2004) (carrier may accept a combined condition and deny the compensability of the same condition under ORS 656.262(6)(c) and (7)(b) in the same document). The employer argues, however, that neither the text nor the format of the October 2012 letter convey that it actually accepted the low back conditions. Nevertheless, the letter explained that its denial of a new injury, dated September 10,

2012, was based on the fact that claimant's 'current condition' was related to the accepted June 7, 2012 injury. Moreover, the employer unequivocally represented that '[a]ll benefits will be paid on your prior claim.' We agree with claimant's interpretation of this document as accepting his then-current lower back conditions under the June 7, 2012 injury."

(First and fourth brackets in original.) The board went on to explain that, although employer was correct that the October 2012 letter did not contain certain information that is required by statute and rule to be included within a notice of acceptance, the omission of such "magic words" was not dispositive. The relevant question, the board reasoned, is whether the notice contains "any language" indicating acceptance:

"Here, * * * the disputed letter included specific language indicating that claimant's current condition related to the June 7, 2012 injury. Moreover, in the letter, the employer expressly represented that '[a]ll benefits would be paid on your claim.' Under these circumstances, despite the absence of certain required information, we are persuaded that the employer's intention, as expressed in its October 1, 2012 letter, was to accept claimant's 'lower back injury' under his previously accepted claim."

(Brackets in original.)

On review, employer generally reprises its arguments below, identifying several factors that, employer says, should have led the board to conclude that the October 2012 letter was simply a denial of a new injury and not an acceptance of anything. Employer acknowledges that whether a condition was accepted is a question of fact, and that we review the board's factual determinations deferentially under the "substantial evidence" standard, which includes substantial reason. *Scott v. The Sports Authority, Inc.*, 283 Or App 518, 520, 388 P3d 1175 (2017) ("[W]hether a claim has been accepted is a question of fact that is reviewed for substantial evidence."); *Columbia Forest Products v. Woolner*, 177 Or App 639, 646, 34 P3d 1203 (2001) ("The scope of an employer's acceptance has *always* been an issue of fact." (Emphasis in original.)); *SAIF v. Tull*, 113 Or App 449, 454, 832 P2d 1271 (1992) (same). Substantial evidence supports

a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding. ORS 183.482(8)(c).

Employer nevertheless contends that the format, text, and context of the October 2012 letter are all inconsistent with the board's finding. Employer notes that the letter complied with all of the administrative features and notice elements of a denial letter specified in OAR 436-060-0140 and *none* of those applicable to Notices of Acceptance under that same rule, and that the notice was thus "unambiguously structured and conveyed to claimant as a denial notice." Employer next points out that claimant had not requested acceptance of a new condition at the time that the October 2012 letter was sent; neither of the forms that claimant submitted (his new injury and aggravation claims) could permissibly be construed to impose any obligation on employer to accept or deny a new condition. Thus, employer reasons, the peculiar effect of the board's interpretation is that it deemed employer to have issued a formal and binding response to a request for a new condition when that request had not yet been made.

Finally, employer observes that the language of the October 2012 letter does not include the word "accept" or "acceptance," and that the language on which the board relied (the statements that the current condition "appears to relate" to the June 2012 injury, and that "[a]ll benefits will be paid" on the prior claim) signifies, at most, the possibility of future acceptance, which is legally insufficient to constitute acceptance itself. Moreover, employer argues, to the extent that the board relied on the "benefits will be paid" statement to infer acceptance, that was impermissible in light of ORS 656.262(10), which provides, in part, that "[m]erely paying or providing compensation shall not be considered acceptance of a claim." *See also Gregg v. SAIF*, 81 Or App 395, 398, 725 P2d 930 (1986) (payment of benefits "does not constitute constructive acceptance").

Employer's description of the October 2012 letter is generally accurate, and it seems clear to us that the board could have concluded that the October 2012 letter was, as employer argues, a notice of denial and nothing more. The

pertinent question, however, is whether we are able to say that the board's contrary conclusion is so lacking in logic and evidentiary support that we must reverse and remand the board's order under the deferential standard of review that employer concedes is applicable. We are not able to do so.

The board's order did not lack careful reasoning. The board acknowledged that the October 2012 letter had the format and features of a notice of denial, not an acceptance. It recognized that the letter did not include information that is typically associated with an acceptance, and it included all of the information required to be included with a denial. The board did not fail to account for those factors; it merely did not find them dispositive. Instead, the board reasoned that the October 2012 letter served more than one function, operating as a denial of the new injury claim but an acceptance of a new condition associated with the original injury. The board noted that "[a] single document may function as both an acceptance and a denial," citing *Stockdale*, 192 Or App at 294-95 ("Nothing in the pertinent statutes precludes an employer or insurer from providing notice of * * * denial in the same letter in which it accepts a combined condition[.]"). We note that other cases support the proposition that a notice of acceptance may contain with it a partial denial. *See, e.g.*, *Barnes v. SAIF*, 115 Or App 564, 566-67, 839 P2d 269 (1992) (employer's use of a single document labeled "Notice of Claim Acceptance" to accept specified conditions and partially deny others did not render the partial denial ambiguous, misleading, or defective under ORS 656.262(6)); *Weyerhaeuser Co. v. Warrilow*, 96 Or App 34, 771 P2d 295, *rev den*, 308 Or 184 (1989) (upholding partial denial of a claim in the same letter that accepted other conditions relating to an injury). We see no reason that the obverse should not also be true.

The board also acknowledged employer's argument that "neither the text nor the format of the October 2012 letter convey that it actually accepted the low back conditions." The board went on to reason, however, that the letter cited, as the basis for denying the new injury, the fact that the "current condition appears to relate to" the June 2012 injury, followed by an assurance that "[a]ll benefits will be paid on your prior claim." In the board's view, those

statements, taken together, signify that "employer's intention, as expressed in its October 1, 2012 letter, was to accept claimant's 'lower back injury' under his previously accepted claim."

According to employer, the board's language reflects a fundamental legal error in that the board satisfied itself with employer's inchoate "intention" to accept the new condition sometime in the future, rather than with the actual acceptance that is required. But the board's language need not be interpreted that way. Another plausible interpretation is that, in the view of the board, employer intended to accept the new condition as part of the original injury *and that intent was manifested in the October 2012 letter*, through the reference to a "current condition," the statement that the "current condition" appeared to relate to the June 7 injury, and the assurance that all benefits would be paid under that claim. That may not be the only or most obvious reading of the October 2012 letter, but the question before us, again, is whether the board could *reasonably* understand the letter to have had that effect. Given the somewhat ambiguous phrasing of that letter, we believe the board could.[3]

In sum, we conclude that the board's finding that there had been an acceptance of claimant's lower back condition is supported by substantial evidence.

Affirmed.

---

[3] Employer also contends that its position is borne out by our decision in *TriMet v. Wilkinson*, 257 Or App 80, 304 P3d 46 (2013), where we affirmed the board's determination that an employer's denial letter did not also constitute an acceptance of a combined condition. We did so based on our observation that, in addition to lacking any language (specific or otherwise) indicating acceptance of a combined condition, the letter as a whole did not contain *any* indication that the employer was, in fact, accepting a combined condition. *Id.* at 87. Unlike in *TriMet*, the letter in this case does contain statements that could reasonably be interpreted as communicating employer's acceptance of claimant's lower back condition.